**Damdindorj OYUNBAATAR, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–71823.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2010.*

Filed April 19, 2010.

Inna Lipkin, Esquire, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Holly Smith, Esquire, Linda S. Wendtland, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Damdindorj Oyunbaatar, a native and citizen of Mongolia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir.2008), and we grant the petition for review and remand.

The IJ found Oyunbaatar not credible based on her determination that Oyunbaatar submitted a fraudulent police citation. Because the IJ's finding was based on her improper speculation, substantial evidence does not support the agency's adverse credibility determination. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000) (BIA engaged in impermissible speculation and conjecture in determining evidence

was fraudulent where record contained no evidence of fraud).

Accordingly, we grant the petition for review, and remand Oyunbaatar's claims for further proceedings on an open record. *See Soto–Olarte v. Holder*, 555 F.3d 1089, 1093–96 (9th Cir.2009); *see also INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.